UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED<br>IP ADDRESS 108.206.113.196,<br><br>            Defendant. | No. 2:15-cv-2701-JAM-KJN<br><br><br><br>ORDER |

Plaintiff Malibu Media, LLC commenced this action on December 30, 2015, alleging that an unidentified defendant, John Doe, with an IP address of 108.206.113.196, illegally distributed several of plaintiff's copyrighted adult movies using the BitTorrent file distribution network. (ECF No. 1.) Publically-available court records show that plaintiff files a voluminous number of copyright infringement actions in district courts across the nation, including, thus far, the Eastern District of California, the Northern District of California, and the Southern District of California. There are currently approximately 55 other actions by plaintiff against unidentified John Doe defendants pending in the Sacramento division of this district alone, which have recently been related to this case. (See ECF No. 7.)

In this action, as well as several of the other related actions, plaintiff filed an *ex parte* application for leave to conduct expedited discovery. More specifically, plaintiff seeks to serve a

1

third party subpoena on the John Doe defendant's internet service provider to identify that John Doe defendant prior to a Rule 26(f) conference.

Courts in the Ninth Circuit generally apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. To assist the court in evaluating plaintiff's application under that "good cause" standard, the court finds it appropriate to schedule a hearing on the matter for May 5, 2016, at 10:00 a.m.

Although the hearing is logistically scheduled in the instant action, the hearing will address issues that are global to all of the related actions, and may impact ultimate resolution of applications for expedited discovery in such related actions as well.[1] This is particularly appropriate, given that plaintiff's counsel, Brenna Erlbaum and Brian Heit of Heit Erlbaum LLP, represent plaintiff in all of the related actions.

At the hearing, plaintiff's counsel, as well as an appropriate and knowledgeable client representative(s) from Malibu Media, LLC, shall appear in person, and be prepared to address the following issues:

(1) The corporate/entity status of Malibu Media, LLC and the identity of all its officers, directors, and/or managers.

(2) Whether plaintiff's counsel (individually or as a law firm) has any relationship to, or pecuniary interest in, Malibu Media, LLC, other than serving as counsel of record.

(3) Whether plaintiff's counsel (individually or as a law firm) has any ownership or property interest with respect to any of Malibu Media, LLC's copyrighted videos.

(4) Plaintiff's basis for venue in this district, including a detailed explanation of the IP address geolocation technology used and how John Doe's internet service provider was identified.

---

[1] Applications for leave to conduct expedited discovery have not been filed in all of the related cases pending in the Sacramento division of this district. Nevertheless, given that some of the related cases were only recently filed, the court finds it at least plausible that plaintiff may elect to bring similar applications in those cases.

(5) In light of plaintiff's assertion that it only pursues "the worst of our infringers" (ECF No. 4-2 at 4), the criteria used by plaintiff to ascertain which persons are allegedly the worst infringers and how such information is obtained.

(6) A brief status of all cases filed by Malibu Media against John Doe defendants in this district, the Northern District of California, and the Southern District of California, including, for each district:  (a) the number of cases for which expedited discovery has been authorized by court order; (b) the number of cases in which expedited discovery was denied by court order; (c) the number of cases in which a defendant has appeared in the action; (d) the number of cases in which a defendant (whether formally appearing or not) was subsequently determined not to reside in the applicable district; (e) the number of cases in which settlement discussions with an ascertained defendant were undertaken or are ongoing; (f) the number of cases that were voluntarily dismissed after expedited discovery was authorized; (g) the number of cases in which plaintiff obtained a default judgment against a defendant; and (h) the number of cases in which it was determined that the identified person associated with the applicable IP address was not the actual infringer of plaintiff's copyrighted material.

(7) The number of cases filed by Malibu Media against John Doe defendants nationwide in which:  (a) a Rule 26(f) conference was conducted and discovery commenced; and (b) a trial on the merits (whether a bench or jury trial) was conducted, and the outcome of those trials.

(8) If expedited discovery were authorized, the method proposed by plaintiff that would permit a defendant to appear and litigate the pre-trial aspects of the case anonymously, as referenced in ECF No. 4-2 at 5, so as to avoid unnecessary embarrassment.

(9) The steps plaintiff intends to take to ascertain whether an identified person associated with a particular IP address is in fact the infringer of plaintiff's copyrighted material

Additionally, no later than April 28, 2016, plaintiff shall lodge with the court, for *in camera* review, the following materials related to actions pending in the Eastern District of California, Northern District of California, and Southern District of California:

(1) 5 representative samples of initial correspondence regarding the lawsuit sent to John Doe defendants upon ascertaining their identity.

(2) 5 representative samples of complete settlement correspondence sent to identified defendants.

(3) 5 representative samples of complete settlement agreements entered into with identified defendants.

These materials shall be submitted in Word or PDF format to chambers at the following e-mail address: kjnorders@caed.uscourts.gov.  Alternatively, plaintiff may arrange for delivery of hard copies of such materials to chambers so that the materials are <u>received</u> by chambers no later than April 28, 2016.

IT IS SO ORDERED.

Dated:  April 8, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE